UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED,<br><br>        Plaintiff,<br><br>v.<br><br>HON. ALPHONSO JACKSON<br>SECRETARY OF THE UNITED<br>STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br><br>        Defendant. | Civil Action No. 07-1752 (PLF) |

**MOTION TO INTERVENE OF THE GENESIS FOUNDATION
AND HOME DOWNPAYMENT GIFT FOUNDATION**

      HUD continues to engage in improper selective enforcement.  This litigation began because the Department of Housing and Urban Development improperly reversed its rule permitting seller funded downpayment assistance (SFDPA) and then refused to apply that new rule equally to all SFDPA providers.  Specifically, HUD agreed to suspend the enforcement of its SFDPA rule for six months only as to the Nehemiah Foundation but not as to any other SFDPA provider.

      SFDPA provider AmeriDream, Inc., then filed this action and sought a preliminary injunction to prevent HUD from enforcing its new rule and putting AmeriDream out of business on October 31, 2007.  Rather than clog the courts with another identical lawsuit, Genesis Foundation ("Genesis") and the Home Downpayment Gift Foundation ("HDGF"), two providers that comprise nearly half of the SFDPA market, decided to seek leave to support AmeriDream's efforts as a friend of the court.  Despite being advised that Genesis and HDGF

1

had just filed their amicus brief, HUD's counsel filed a stipulation that it will not enforce its proposed rule prior to February 28, 2008 as to AmeriDream only and told Genesis and HDGF that its stipulation would apply only to parties in litigation. HUD offered no explanation for its refusal to apply the stipulation to all parties that are similarly situated to AmeriDream.

HUD's unreasonable selective enforcement requires Genesis and HDGF to move the Court to seek leave to intervene as parties as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. The prerequisites for both intervention as of right and permissive intervention are set forth in Rule 24 of the Federal Rules of Civil Procedure. With respect to intervention as of right, the rule provides, in pertinent part, that:

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2).

The District of Columbia Circuit also requires that a party seeking to intervene as of right must, in addition, demonstrate that it has standing under Article III of the Constitution. *Id.* (citations omitted); *see also Jones v. Prince George's County, Maryland,* 348 F.3d 1014, 1018 (D.C.Cir.2003). Such showing requires that (1) "the applicant must have suffered an injury in fact, defined as harm that is concrete and actual or imminent, not conjectural or hypothetical"; (2) the injury "must be fairly traceable to the government conduct alleged"; and (3) "it must be likely that the requested relief will redress the alleged injury." *Environmental Defense v. Leavitt,* 329 F.Supp.2d 55, 64 (D.D.C.2004) (citation omitted); *see also Horizon Lines, LLC v. United States,* 414 F.Supp.2d 46, 52 (D.D.C.2006) (citation omitted). Where, as here, the proposed

intervenor asserts a claim under the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, it "must establish that the injury alleged 'falls within the zone of interests' sought to be protected by the statutory provisions whose violation forms the legal basis of [the plaintiff's] complaint." *Id.* (citing *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Genesis and HDGF are entitled to intervene as a matter of right because they have the greatest possible interest in the transaction that is the subject matter of this action.  Indeed, HUD's proposed rule abolishing SFDPA will put them out of business.  Genesis and HDGF collectively provide over 50,000 individuals and families a year with downpayment assistance. Genesis and HDGF must intervene to protect their ability to continue their business:  that interest cannot be adequately protected by the existing parties because HUD advised Genesis's and HDGF's counsel by telephone on October 19, 2007 that enforcement would be deferred only as to parties in litigation.  HUD's unreasonable selective enforcement leaves Genesis and HDGF with no alternative other than to seek leave to intervene as parties to protect their interests (or file yet another action, which we believe is even more wasteful of Court resources).

In the alternative, Genesis and HDGF respectfully move the Court for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.  With respect to permissive intervention, Rule 24 provides, in pertinent part, that

> [u]pon timely application, anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed.R.Civ.P. 24(b)(2). The District of Columbia Circuit has articulated three factors governing permissive intervention: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main

action." *Environmental Defense,* 329 F.Supp.2d at 65 (quoting *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998)). Additionally, a court "shall consider whether the requested intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2).

Genesis and HDGF qualify for permissive intervention because their complaint raises the same question of law as AmeriDream's complaint: that HUD's new rule abolishing SFDPA is void under both the Administrative Procedure Act and the United States Constitution. HUD's stipulation sets an expedited briefing schedule with which Genesis and HDGF can and agree to comply, so their intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Once again, Genesis and HDGF seek only equal treatment.

Although AmeriDream consented to and even solicited Genesis's and HDGF's Proposed Brief of Amici Curiae, filed on October 19, 2007, AmeriDream does not consent to this Motion to Intervene now that AmeriDream has received stipulated relief only as to itself. HUD's differential treatment of identically situated entities has no rational basis and serves only to create an unfair competitive advantage for those fortunate enough to receive the best of it.

Genesis and HDGF attach their proposed pleading setting forth the claim for which intervention is sought, as required by Rule 24(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Genesis and HDGF respectfully request leave to intervene in this action as of right as a party plaintiff pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. In the alternative, Genesis and HDGF respectfully request leave for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 22nd day of October, 2007.

/s/ Frank S. Swain
Frank S. Swain, #427792
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC  20005
Telephone  202.312.7440
Facsimile  202.312.7460
frank.swain@bakerd.com

Attorneys for Genesis Foundation and Home Downpayment Gift Foundation

## CERTIFICATE OF SERVICE

I certify that on October 22, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036

Daniel Van Horn
Assistant United States Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC  20001

Robert M. Couch
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC  20410-0500

/s/ Frank S. Swain

5

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED; THE GENESIS FOUNDATION; and, HOME DOWNPAYMENT GIFT FOUNDATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>　　　　Defendant. | Civil Action No. 07-1752 (PLF) |

**GENESIS'S AND HDGF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Summary of Complaint

　　　1.　　This action challenges a final regulation (the "Regulation") adopted by the United States Department of Housing and Urban Development ("HUD") that eliminates seller-funded downpayment assistance programs ("SFDPA"). For approximately 10 years, SFDPA programs have helped over one million individuals and families to buy their own homes, some 80 percent for the first time.

　　　2.　　HUD adopted the Regulation after 10 years of actively facilitating SFDPA programs, and more than six years after abandoning a rulemaking proceeding in which HUD has proposed a virtually identical rule. Then, as now, opposition to the proposed rule was overwhelming. HUD also adopted this Regulation in the face of strong opposition from members of Congress.

-1-

3.      The Regulation adopted by HUD is arbitrary and capricious.  It is contrary to the clear intent of Congress, HUD's own historic practices and interpretations, and governing judicial precedents.  It is also not reasonably supported by HUD's explanations and justifications, and fails to offer a rational basis for rejecting alternative approaches.

4.      Enforcement of this Regulation will cause immediate and irreparable harm to the Genesis Foundation ("Genesis") and the Home Downpayment Gift Foundation ("HDGF"), and is contrary to the public interest.  The Regulation will disrupt financing arrangement in connection with numerous sales of homes, and deprive many aspiring low- and moderate-income homebuyers who rely on SFDPA for the ability to purchase their own homes.

### Jurisdiction And Venue

5.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.  This action arises under the National Housing Act of 1934, as amended, 12 U.S.C. §§ 1701 et seq. ("NHA"), the Administrative Procedure Act, 28 U.S.C. §§ 551 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Fifth Amendment to the United States Constitution.

6.      Defendant Alphonso Jackson is the Secretary ("Secretary") of HUD.  He is responsible for the operation of HUD and the promulgation of rules and regulations by HUD, including the Regulation at issue herein.  He is sued in his official capacity, only.

7.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (e).

8.      On May 11, 2007, the Secretary published "Standards for Mortgagor's Investment in Mortgaged Property" in the Federal Register, a proposed regulation that would change the standards governing a homebuyer's investment in property when the mortgage on the property is insured by the Federal Housing Administration ("FHA"). 72 Fed. Reg. 27,048-27,051 (May 11, 2007) (to be codified at 24 C.F.R. pt. 203).

9.      On October 1, 2007, the Secretary promulgated a final version of the Regulation in

the Federal Register.

10.     The NHA requires homebuyers to make a down payment of 3 percent of the purchase price of their home to qualify for FHA mortgage guarantees. See 12 U.S.C. § 1709(b)(9) Many prospective low- and moderate-income homebuyers are unable to meet this requirement without the assistance of charitable organizations such as Genesis and HDGF.

11.     The regulation adversely and irreparably harms Genesis and HDGF and the low- and moderate-income homebuyers who depend on its charitable assistance in numerous ways, including but not limited to the following:

(a)     The regulation prohibits low- and moderate-income homebuyers from making their statutorily-required 3 percent down payment with funds provided by a charitable organization when home builders and home sellers are a source of funding and support.

(b)     HUD's regulation will eviscerate Genesis's and HDGF's gift fund pool, crippling these plaintiffs' ability to provide down payment assistance to new homebuyers. In many cases, these would-be homebuyers have no other source of funds with which to make the down payment required by the NHA. 12 U.S.C. § 1709(b)(9).

(c)     The regulation will have a significant impact on homeownership for low-income, first time, and minority homebuyers. Nearly 80 percent of FHA's purchase money mortgages in FY 2006 were to first time homebuyers. Nearly 32 percent of these homebuyers were minorities and FHA estimates that at least 30 percent of their new business has seller funded DPA. By limiting the financing choices that these borrowers have, many will choose other options, such as subprime loans. Since delinquency and foreclosure rates for subprime loans do not compare favorably to those of FHA, these choices are not optimal. The market segment most impacted by this Rule is composed of those borrowers least likely to understand the risks associated with various loan options.

(d) The regulation will have significant impact on FHA and the mortgage lending industry. This regulation could reduce FHA's volume by 30 to 50 percent. Considering that its market share is lower than at any time in recent history—less than 2 percent—the impact to FHA could be quite serious. Repercussions of eliminating seller funded DPA would be felt by all of those focused on low- to moderate-income housing, including lenders, builders and other real estate professionals.

(e) FHA volume comprises approximately two-thirds of Ginnie Mae's securitization business. Ginnie Mae estimates that the regulation could reduce its volume by a conservative estimate of at least 17 percent, which represents a significant reduction in production—by around $18.3 billion to $22 billion annualized for 2007. Such a large and rapid decrease in Ginnie Mae's volume has the potential to create significant liquidity issues for Ginnie Mae securities.

Legal Basis For Challenging HUD's Regulation

12. The regulation contravenes the NHA's purpose of promoting housing affordability and choice; of facilitating access to, and competition and efficiency in the provision of, housing finance; of protecting the availability of adequate funding for housing at low cost; and of contributing to the general well-being of the housing sector in the national economy. The regulation is also contrary to HUD's own historic practices and interpretations, and governing judicial precedents.

13. The regulation exceeds the scope of the Secretary's authority to interpret, and to promulgate regulations under, section 1709(b)(9) of the NHA. Because the regulation exceeds HUD's statutory jurisdiction, authority, and right, it is invalid under 5 U.S.C. § 706(2)(c).

14. The regulation is also not reasonably supported by HUD's explanations and justifications, and HUD has failed to offer any rational reasons for its rejection of alternative approaches to the regulation. The regulation is arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law. As such, the regulation is invalid under 5 U.S.C. § 706(2)(a).

15. Contrary to previous practices by HUD on this specific issue, HUD has failed to recognize the over 14,000 comments against the regulation, as compared to the fewer than 1000 in support. In past attempts to issue such a rule, a margin of 1,800 comments against 30 in support was sufficient for HUD to withdraw the rule. Furthermore, Mr. Jackson stated publicly during the rule-making process that he was going to implement the Rule regardless of the public comments.

16. HUD has also failed to give adequate notice of the regulation it adopted and failed to articulate a rational basis for its decision to adopt this regulation, which is inconsistent with past positions taken and interpretations made by HUD. For these and other reasons, HUD's regulation is invalid under 5 U.S.C. §§ 553(c) and 706(2)(d).

17. The Regulation is void, invalid, and unenforceable because it has been promulgated in violation of the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §§ 601 et seq., and Executive Order 12866. See Exec. Order No. 12,886, 58 Fed. Reg. 51,735 (1993).

18. The Regulation is void, invalid, and unenforceable because it violates the United States Constitution by irrationally discriminating against charitable, not-for-profit organizations that provide DPA in the form of gifts, which are partly supported by donations and service fees from home builders or home sellers, while permitting down payment gifts from governmental agencies and instrumentalities, family members, disaster relief grants, and charitable organizations that are not so supported.

29. The Regulation further violates the Constitution by irrationally discriminating among groups of low- and moderate-income homebuyers. Those with access to funds from churches, government agencies, and approved charities will have the means to buy their own homes after the regulation goes into effect. By contrast, those who depend upon SFDPA from organizations such as Genesis and HDGF - a disproportionate number of whom are minorities, legal immigrants, female-headed households and single parents - will be unable to do so. There is no rational basis upon which HUD may legitimately impose disparate burdens on these two groups.

20. Finally, the Regulation's effective dates impermissibility discriminate among similarly-situated DPA providers in violation of the United States Constitution. The regulation is effective as against most SFDPA providers thirty (30) days from the date of the Regulation's publication in the Federal Register, including Genesis and HDGF, but not to the Nehemiah Progressive Development Corporation ("Nehemiah"), a faith-based DPA provider, which has six additional months to comply, and not to AmeriDream, which HUD has stipulated will have until February 28, 2008 to comply. There is no rational basis for such disparate treatment of similarly situated SFDPA providers.

21. Genesis and HDGF have no adequate remedy at law.

22.     Genesis and HDGF will suffer irreparable harm if the Secretary is not enjoined from enforcing the Regulation, scheduled to take effect on October 31, 2007, until this Court has had an opportunity to determine whether the Regulation is valid as promulgated.

WHEREFORE, plaintiffs Genesis and HDGF request that the Court issue a declaratory judgment that the Regulation is contrary to law, arbitrary and capricious, unenforceable, and otherwise unlawful, and that the Court grant temporary, preliminary, and permanent injunctive relief, enjoining the defendant Secretary of the United States Department of Housing and Urban Development from enforcing the Rule, with costs and attorneys' fees against the defendant.

/s/ Frank S. Swain
Frank S. Swain, #427792
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC  20005
Telephone  202.312.7440
Facsimile  202.312.7460
frank.swain@bakerd.com

Attorneys for Genesis Foundation and Home Downpayment Gift Foundation

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Lee T. Ellis, Jr.
>Baker & Hostetler LLP
>Washington Square, Suite 1100
>1050 Connecticut Avenue, N.W.
>Washington, DC  20036
>
>Daniel Van Horn
>Assistant United States Attorney for the District of Columbia
>555 4th Street, N.W.
>Washington, DC  20001
>
>Robert M. Couch
>General Counsel
>Office of General Counsel
>U.S. Department of Housing and Urban Development
>451 7th Street, S.W.
>Washington, DC  20410-0500

/s/ Frank S. Swain

– 9 –

– 9 –