UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERIDREAM, INCORPORATED,<br><br>        Plaintiff,<br><br>    v.<br><br>HON. ALPHONSO JACKSON<br>SECRETARY OF THE UNITED<br>STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br><br>        Defendant. | Civil Action No. 07 1752 (PLF) |

**AMERIDREAM'S OPPOSITION TO MOTIONS TO INTERVENE BY
THE GENESIS FOUNDATION, HOME DOWNPAYMENT GIFT FOUNDATION,
PARTNERS IN CHARITY, INC., FUTURES HOME ASSISTANCE PROGRAM AND
SOVEREIGN GRANT ALLIANCE**

AmeriDream, Incorporated opposes the motion of The Genesis Foundation, Partners in Charity, Inc., Futures Home Assistance Program, Sovereign Grant Alliance and Home Downpayment Gift Foundation as party-plaintiffs in this litigation. As explained below, intervention would unduly prejudice and delay the adjudication of AmeriDreams's rights. Moreover, the disposition of this action will not impede or impair the ability of proposed intervenors to protect the interests they assert in the regulation at issue.

In their motions, proposed intervenors assert that the final HUD regulation at issue in this matter will put them out

of business, and that the legal claims they assert are identical to those asserted by AmeriDream.  Movants' argument, largely a cut and paste of AmeriDream's complaint, misapprehends the nature of a challenge to agency rulemaking under the Administrative Procedure Act.  In short, a party challenging a final agency regulation must previously have raised their arguments in the agency rulemaking proceeding.  Arguments that could have been asserted but were not are deemed waived.  *Small Business in Telecommunications*, 251 F.3d 1015, 1026 (D.C. Cir. 2001); *Military Toxics Project v. EPA*, 146 F.3d 948, 956-957 (D.C. Cir. 1998).  *See also U.S. v. Tucker Truck Lines*, 344 U.S. 33, 37 ("general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.")

Here, even if movants filed comments in the HUD rulemaking proceeding – a point which has yet to be established and which is not asserted in their Complaint – AmeriDream and the proposed intervenors are differently situated and have preserved for appeal a vastly different set of issues.  For example, in contrast to the detailed comments submitted in the rulemaking proceeding by AmeriDream, an intemperate comment that appears to have been submitted by Mr. Del Sontro, chief executive officer of proposed intervenor Home Downpayment Gift Foundation, is

barely more than a few lines. See Exhibit 1. This submission, even if timely filed in the HUD rulemaking proceeding, hardly gives rise to the same legal issues as were asserted in considerable detail by AmeriDream in the rulemaking proceeding, and that are asserted again here.

Moreover, through stipulation of the parties, AmeriDream agreed to forego its request for interim injunctive relief, in exchange for HUD's agreement to stay the effective date of the final rule, as to AmeriDream, until February 29, 2008. Most importantly, the stipulation allows for an orderly briefing of the issues in the case, so that the Court can issue a ruling on the merits before the expiration of the new effective date. While proposed intervenors claim that they will abide by the same schedule for discovery and briefing, the addition of new plaintiffs of different backgrounds, and with different issues preserved for appeal, will make it extremely difficult to keep to this schedule. Their participation in this case will also distract from the Court's consideration of the serious claims that AmeriDream carefully preserved in the rulemaking proceeding and asserts in this litigation. The fact that yet further motions to intervene have been filed threatens to turn this proceeding, where the first briefs are to be filed on November 16 and the last on December 7, into a donnybrook.

Finally, the argument that movants were left with no choice to intervene after HUD extended the effective date as to AmeriDream does not withstand scrutiny. The fact is, as set forth in the explanation and final justification for HUD's regulation, HUD already had established a different effective date for one provider of down payment assistance. With little more than 10 days until the regulation was scheduled to take effect, there was no reason for proposed intervenors to expect that HUD would announce a new, generally-applicable effective date, or grant them dispensation in the course of negotiating with AmeriDream over a litigation schedule. In fact, proposed intervenors have still not filed a motion in this court for interim injunctive relief. Movants have utterly failed to show how the disposition of this case would impair or impede their ability to protect their interests.

For these reasons, the motions to intervene should be denied.

                                              BAKER & HOSTETLER LLP


                                              By: /s/ Lee T. Ellis, Jr.
                                                    Lee T. Ellis, Jr. (3863)
                                                    Washington Square, Suite 1100
                                                    1050 Connecticut Avenue, N.W.
                                                    Washington, D.C.  20036
                                                    Tel:  202-861-1521
                                                    Fax:  202-861-1783
                                                    lellis@bakerlaw.com

                                            Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2007, a copy of the foregoing Opposition was filed and served pursuant to the Court's electronic filing procedures using the Court's CM/ECF System.

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
```

|  |  |  |
|---|---|---|
| AMERIDREAM, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1752 (PLF) |
| | ) | |
| HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Upon consideration of the Motion to Intervene filed herein and the Opposition of plaintiff thereto, it is by the Court this _____ day of _____, 2007

ORDERED, that the Motion to Intervene be, and they are hereby, denied.

_____
JUDGE

**Document Details**

| | |
|---|---|
| **Docket Title** | FR-5087-P-01 |
| | Standards for Mortgagor's Investment in Mortgaged Property |
| **Docket Type** | Rulemaking |
| **Document ID** | HUD-2007-0065-0032 |
| **Views** | |
| **Add Comments** | |
| **How To Comment** | |
| **Title** | Comment Submitted by Rick Del Sontro, HDGF |
| **Document Type** | PUBLIC SUBMISSIONS |
| **Legacy ID** | |
| **RIN** | |
| **Federal Register Number** | |
| **Date Posted** | 05/21/2007 |
| **Comments Due** | 07/10/2007 |

**Submitter Information**

| | |
|---|---|
| **Comment Tracking Number** | 8023e5fe |

Comment Info: =================

General Comment:This proposed rule change is a joke. HUD has had solutions to any of these
major issues offered to them for YEARS. There are non-profit DPA providers that
offer a litny of loss mitigation tools that make HUD's look downright out of touch.
This is all about HUD wanting their own version of 100% financing and their utter
mis-management of the insurance pool.

The solutions are out there but HUD continues to play the game of politics. Yet
again another situation of wanting the taxpayers to bail out government
inefficiencies.

I would welcome a debate on these topics. It would be great to debate ANYONE
from HUD on these issues. The IG and OAG reports are flawed and they know it.
Even if they are correct, SO WHAT?! They claim that the insurance pool is hit 6%
of the time with non-pprofit DPA vs. 5% with other gifts. WOW. Look who were
are helping.

This stinks and you know it.