UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AMERIDREAM, INC.,                       )
                                        )
                Plaintiff,              )
                                        )
        v.                              )        Civil Action No. 07-1752 (PLF)
                                        )
ALPHONSO JACKSON, Secretary,            )
United States Department of Housing and )
Urban Development,                      )
                                        )
                Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

The Court has before it the motions of the Genesis Foundation, the Home

Downpayment Gift Foundation, Partners in Charity, Inc., the Futures Home Assistance Program

and the Sovereign Grant Alliance to intervene as plaintiffs in this action, as well as existing

plaintiff AmeriDream, Inc.'s opposition thereto, and defendant's partial opposition thereto.[1]  The

parties came before the Court for a hearing on the motions to intervene on October 25, 2007.

Upon consideration of the parties' briefs, oral representations of counsel, and the criteria of Rule

24 of the Federal Rules of Civil Procedure, the Court will grant the motions to intervene.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that a party shall

be permitted to intervene as a matter of right "when the applicant claims an interest relating to

the property or transaction which is the subject of the action and the applicant is so situated that

the disposition of the action may as a practical matter impair or impede the applicant's ability to

_____

[1]    Defendant opposes the intervention of Sovereign Grant Alliance because Sovereign
Grant Alliance is currently a plaintiff in a pending case in the United States District Court for the
District of Idaho which raises the same claims that Sovereign Grant Alliance seeks to raise in this
case.  See Response to Motion to Intervene of Partners in Charity, Inc., Futures Home Assistance
Program, and Sovereign Grant Alliance at 1.

protect that interest, unless the applicant's interest is adequately represented by existing parties."

FED. R. CIV. P. 24(a)(2). Rule 24 also provides that a party may be granted permission to

intervene "when an applicant's claim or defense and the main action have a question of law or

fact in common." FED. R. CIV. P. 24(b)(2).

   The Court concludes that all applicants meet the criteria for intervention as of

right under Rule 24(a)(2). The D.C. Circuit has held that

> qualification for intervention as of right depends on the following
> four factors: (1) the timeliness of the motion; (2) whether the
> applicant claims an interest relating to the property or transaction
> which is the subject of the action; (3) whether the applicant is so
> situated that the disposition of the action may as a practical matter
> impair or impede the applicant's ability to protect that interest; and
> (4) whether the applicant's interest is adequately represented by
> existing parties.

Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks

omitted). Here, the applicants' motions were filed within weeks of the publication of the Final

Rule being challenged in this case, and hence are timely. In addition, all the applicants claim an

"interest" in the litigation that is essentially the same as the interest claimed by the existing

plaintiff: they all claim that the Final Rule being challenged will destroy their business model.

Third, the Court concludes that the applicants' ability to protect their interests would be impeded

by the disposition of the action without their participation. Finally, it is clear both from

AmeriDream, Inc.'s opposition to the motions to intervene and from their representations in

Court that the applicants' interests are not adequately represented by the existing parties. The

Court therefore concludes that all applicants may intervene as of right.

   At the October 25 hearing, it became apparent that Sovereign Grant Alliance has

brought suit challenging the same Final Rule at issue in this case in the United States District

Court for the District of Idaho. Sovereign Grant Alliance must dismiss that action in order to be

permitted to intervene in this action.  Sovereign Grant Alliance's intervention in this action will

not be effective until that other action is dismissed.

Accordingly, it is hereby

ORDERED that the Motion to Intervene of the Genesis Foundation and Home

Downpayment Gift Foundation [12] is GRANTED; it is

FURTHER ORDERED that the Motion to Intervene of Partners in Charity, Inc.,

Futures Home Assistance Program and Sovereign Grant Alliance [15] is GRANTED, except that

the motion is provisionally GRANTED with regard to Sovereign Grant Alliance, as discussed

above; it is

FURTHER ORDERED that if intervenors wish to file motions for a preliminary

injunction, such motions shall be filed by noon on October 26, 2007; it is

FURTHER ORDERED that defendant's opposition to intervenors' motions for a

preliminary injunction shall be filed by 4:00 p.m. on October 29, 2007; it is

FURTHER ORDERED that a hearing on the intervenors' motions for a

preliminary injunction will be held at 10:00 a.m. on October 30, 2007; and it is

FURTHER ORDERED that the intervenors will be bound by the briefing

schedule set out in the Stipulation and Order [10] filed by plaintiff AmeriDream, Inc. and

defendant and approved by the Court on October 24, 2007.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge


DATE: October 25, 2007

3