UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERIDREAM, INCORPORATED,<br><br>             Plaintiff,<br><br>     v.<br><br>HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 07-1752 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO INTERVENE OF**
**FREEDOM HOME BAPTIST CHURCH, INC. AND THE DOVE FOUNDATION, INC.**

Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 24 and Local Civil Rule 7(j), hereby move this Court for leave to intervene in this case, both as a matter of right and in accord with the standards for permissive intervention. In support of their motion to intervene, they show:

1.    Both Freedom Home Baptist Church, Inc. ("Baptist Church") and The Dove Foundation, Inc. ("The Dove") are non-profit religious organizations providing community services, including participating in down payment assistance (DPA) programs privately funded in large measure by real estate sellers and developers. Both the Baptist Church and the predecessor to The Dove were founded in the early 1980s. And both the Baptist Church and The Dove have been participating in DPA programs since 2000 and 2001, respectively. The Baptist Church's congregation is predominately African-American and has served the east Austin, Texas, community since 1982. The Dove Foundation is a church in Mobile, Alabama, with tithe-paying members that actively support providing housing for families displaced by drug,

alcohol, and physical abuse.

2.      This case is a challenge to the Department of Housing and Urban Development's new rule pertaining to DPA programs.  DPA provider AmeriDream, Inc. filed its complaint on October 1, 2007, seeking a preliminary injunction to prevent HUD from enforcing the new rule, having an effective date of October 31, 2007.  On October 19, 2007, HUD and AmeriDream filed their Stipulation by which "HUD . . . agreed voluntarily to stay the effectiveness of the Final Rule, as to AmeriDream only, until February 29, 2008."  (Doc. 10). The Court approved the Stipulation and Order on October 24, 2007.

3.      Other DPA providers, The Genesis Foundation, The Home Downpayment Gift Foundation, Partners In Charity, Inc., Futures Home Assistance Program, and Sovereign Grant Alliance, have filed pleadings seeking leave to intervene in this case.  As described in the intervention pleadings, two of these parties intervened after HUD informed them that HUD would only suspend enforcement of the new rule against parties in litigation, and the others intervened anticipating they would get the same response.

4.      The Baptist Church and The Dove seek intervention after being informed by attorneys for HUD that HUD would not consider agreeing to a similar stay of the new rule until after this petition for intervention was filed.

5.      Because HUD is unwilling to suspend enforcement of the challenged rule against parties that have not sued HUD, the Baptist Church and The Dove seek intervention as a party as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure.  The prerequisites for both intervention as of right and permissive intervention are in Rule 24 of the Federal Rules of Civil Procedure.

6.      With respect to intervention as of right, the rule provides, in part, that:

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately

represented by existing parties.

FED. R. CIV. P. 24(a)(2). The District of Columbia Circuit also requires that a party seeking to intervene as of right demonstrate it has standing under Article III of the Constitution. *See Jones v. Prince George's County, Maryland*, 348 F.3d 1014, 1018 (D.C. Cir. 2003). That showing requires (1) "the applicant must have suffered an injury in fact, defined as harm that is concrete and actual or imminent, not conjectural or hypothetical"; (2) the injury "must be fairly traceable to the government conduct alleged"; and (3) "it must be likely that the requested relief will redress the alleged injury." *Environmental Defense v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) (citation omitted); see *also Horizon Lines, LLC v. United States*, 414 F. Supp. 2d 46, 52 (D.D.C. 2006) (citation omitted). When, as here, the proposed intervenor asserts a claim under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, it "must establish that the injury alleged 'falls within the 'zone of interests' sought to be protected by the statutory provisions whose violation forms the legal basis of [plaintiff's] complaint.'" *Id.* (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 883, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

7. The Baptist Church and The Dove are entitled to intervene as a matter of right because each has a significant interest in the transaction that is the subject matter of this case. Indeed, HUD's proposed rule prohibits contributions by real estate sellers and developers being used by DPAs and will likely destroy housing down payment assistance programs. Since 2000, the Baptist Church has assisted over 30,000 individuals and families achieve the dream of home ownership through down payment assistance. And similarly since 2001, The Dove has assisted over 20,000 individuals and families achieve this dream. The Baptist Church and The Dove must intervene to protect their ability to continue their housing down payment assistance programs; their interest cannot be adequately protected by the existing parties because HUD has advised the Baptist Church and The Dove that enforcement of the new rule will only be deferred as to parties in litigation. HUD's stance leaves The Baptist Church and The Dove with no alternative other than to seek leave to intervene as a party to protect their interests (aside

from filing a separate action, which would involve issues that substantially overlap with issues in this case).

8. In the alternative, the Baptist Church and The Dove respectfully move the Court for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. With respect to permissive intervention, Rule 24 provides, in part, that:

> [u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common.

FED. R. CIV. P. 24(b)(2). The District of Columbia Circuit has articulated three factors governing permissive intervention: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Environmental Defense*, 329 F. Supp. 2d at 66 (quoting *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)). Additionally, a court "shall consider whether the requested intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FED. R. CIV. P. 24(b)(2).

9. The Baptist Church and The Dove qualify for permissive intervention because their complaint raises the same question of law as AmeriDream's: that HUD's new rule, which prohibits contributions by real estate sellers and developers being used by DPA programs, is void under both the Administrative Procedure Act and the United States Constitution. The Court has set an expedited briefing schedule to which the Baptist Church and The Dove can and will agree. Thus, their intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

10. While HUD has specifically expressed it has no opposition to all intervention motions, but one (Doc. 14 & 17), Plaintiff AmeriDream, on October 24, 2007, filed objections to all motions to intervene. (Doc. 18). AmeriDream's objection, made in part, the specious argument that to complain about an administrative rule the intervenors needed to each have voiced complaint at the administrative proceeding.

11. The Baptist Church and The Dove attach as **EXHIBIT A** their proposed pleading showing the claim for which intervention is sought, as required by Rule 24(c) of the Federal Rules of Civil Procedure.

12. The Baptist Church and The Dove also attach as **EXHIBIT B** a Motion for Emergency Hearing on the instant motion.

**WHEREFORE**, Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. respectfully request leave to intervene in this action as of right as a party plaintiff under Rule 24(a) of the Federal Rules of Civil Procedure. In the alternative, Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. respectfully request leave for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 25th day of October, 2007.

/s/ Craig T. Enoch_____
Craig T. Enoch (TX Bar No. 00000026) (pro hac vice admission pending)
Linda J. Burgess (TX Bar No. 03381300) (pro hac vice admission pending)
Alex S. Valdes (TX Bar No. 24037626) (pro hac vice admission pending)
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800 (telephone)
(512) 370-2850 (facsimile)
cenoch@winstead.com

-and-

/s/ Tessa L. Frederick_____
Tessa L. Frederick
D.C. Bar No. 46551
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202
(410)385-3765 (telephone)
(410) 385-3700 (facsimile)
tfrederick@milesstockbridge.com

ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and THE DOVE FOUNDATION, INC.

**CERTIFICATE OF SERVICE**

      I certify that on October 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lee T. Ellis, Jr., Esquire
Baker & Hostetler LLP
Washington Square
Suite 1100 1050 Connecticut Avenue, N.W.
Washington, DC 20036

Daniel Van Horn, Esquire
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch, Esquire
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain, Esquire
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin, Esquire
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850

                                              /s/  Tessa L. Frederick

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED;<br><br>Plaintiff,<br><br>v.<br><br>HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1752 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FREEDOM HOME BAPTIST CHURCH, INC. AND THE DOVE FOUNDATION, INC.'S
ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Introduction and Summary of Complaint

1. Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. ("Baptist Church") and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program ("The Dove") are non-profit religious organizations providing community services, including participating in down payment assistance (DPA) programs privately funded in large measure by real estate sellers and developers. Both the Baptist Church and the predecessor to The Dove were founded in the early 1980s. And the Baptist Church and The Dove have been participating in DPA programs since 2000 and 2001, respectively. The Baptist Church's congregation is predominately African-American and has served the east Austin, Texas, community since 1982. The Dove Foundation is a church in Mobile, Alabama, with tithe-paying members that actively support providing housing for families displaced by drug, alcohol, and physical abuse.

2. This action challenges a final regulation (the "Regulation") adopted by the United States Department of Housing and Urban Development ("HUD") that prohibits contributions by

real estate sellers and developers being used by DPA programs. During the past 10 years, DPA programs have helped over one million individuals and families to buy their own homes, some 80 percent for the first time.

3.   After 10 years of actively facilitating DPA programs, and more than six years after abandoning a rulemaking proceeding in which HUD proposed a virtually identical rule, HUD adopted the Regulation. Yet now, as then, opposition to the proposed rule was overwhelming. HUD also adopted this Regulation in the face of strong opposition from members of Congress.

4.   The Regulation adopted by HUD is arbitrary and capricious. It is contrary to the clear intent of Congress, HUD's own historic practices and interpretations, and governing judicial precedents. It is also not reasonably supported by HUD's explanations and justifications, and fails to offer a rational basis for rejecting alternative approaches.

5.   Enforcement of this Regulation will cause immediate and irreparable harm to the Baptist Church and The Dove and is contrary to the public interest. The Regulation will disrupt financing arrangements in connection with numerous sales of homes, and deprive many aspiring low and moderate income homebuyers who rely on DPA for the ability to purchase their own homes.

## Jurisdiction and Venue

6.   The Court has jurisdiction of this matter under 28 U.S.C. § 1331. This action arises under the National Housing Act of 1934, as amended, 12 U.S.C. §§ 1701 et seq. ("NHA"), the Administrative Procedure Act, 28 U.S.C. §§ 551 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Fifth Amendment to the United States Constitution.

7.   Defendant Alphonso Jackson is the Secretary ("Secretary") of HUD. He is responsible for the operation of HUD and the promulgation of rules and regulations by HUD, including the Regulation. He is sued in his official capacity, only.

8.   Venue in this Court is proper under 28 U.S.C. § 1391(b) and (e).

Background

9. On May 11, 2007, the Secretary published "Standards for Mortgagor's Investment in Mortgaged Property" in the Federal Register, a proposed regulation changing the standards governing a homebuyer's investment in property when the mortgage on the property is insured by the Federal Housing Administration ("FHA"). 72 Fed. Reg. 27,048-27,051 (May 11, 2007) (to be codified at 24 C.F.R. pt. 203).

10. On October 1, 2007, the Secretary promulgated a final version of the Regulation in the Federal Register.

11. The NHA requires homebuyers to make a down payment of 3 percent of the purchase price of their home to qualify for FHA mortgage guarantees. *See* 12 U.S.C. § 1709(b)(9). Many prospective low and moderate income homebuyers are unable to meet this requirement without the assistance of charitable organizations like the Baptist Church and The Dove.

12. The Regulation adversely and irreparably harms the Baptist Church and The Dove and the low and moderate income homebuyers who depend on this charitable assistance in numerous ways, including but not limited to the following:

(a) The Regulation prohibits low and moderate income homebuyers from making their statutorily-required 3 percent down payment with funds provided by a charitable organization when home builders and home sellers are a source of funding and support.

(b) HUD's Regulation will eviscerate the Baptist Church's and The Dove's gift program, crippling their ability to provide down payment assistance to new homebuyers. In many cases, these would-be homebuyers have no other source of funds with which to make the down payment required by the NHA. 12 U.S.C. § 1709(b)(9).

(c) The Regulation will have a significant impact on homeownership for low-income, first time, and minority homebuyers. Nearly 80 percent of FHA's purchase money

mortgages in FY 2006 were to first time homebuyers. Nearly 32 percent of these homebuyers were minorities and FHA estimates that at least 30 percent of their new business has seller funded DPA. By limiting the financing choices that these borrowers have, HUD will force many to choose perhaps less favorable options, such as subprime loans. Because delinquency and foreclosure rates for subprime loans do not compare favorably to those of FHA, these choices are not optimal. The market segment most impacted by this Regulation is composed of those borrowers least educated to understand the risks associated with various loan options.

(d) The Regulation will have significant impact on FHA and the mortgage lending industry. This Regulation could reduce FHA's volume by 30 to 50 percent. Considering that its market share is lower than at any time in recent history—less than 2 percent—the impact to FHA could be quite serious. Repercussions of eliminating contributions from real estate sellers and developers to DPA programs would be felt by all of those focused on low to moderate income housing, including lenders, builders and other real estate professionals.

## Legal Basis For Challenging HUD's Regulation

13. The Regulation contravenes the NHA's purpose of promoting housing affordability and choice; of facilitating access to, and competition and efficiency in providing housing finance; of protecting the availability of adequate funding for housing at low cost; and of contributing to the general well-being of the housing sector in the national economy. The Regulation is also contrary to HUD's own historic practices and interpretations, and governing judicial precedents.

14. The Regulation exceeds the scope of the Secretary's authority to interpret and to promulgate regulations under section 1709(b)(9) of the NHA. Because the Regulation exceeds HUD's statutory jurisdiction, authority, and right, it is invalid under 5 U.S.C. § 706(2)(c).

15. The Regulation is also not reasonably supported by HUD's explanations and justifications, and HUD has failed to offer any rational reasons for its rejection of alternative approaches to the Regulation. The Regulation is arbitrary and capricious, an abuse of

discretion, and otherwise not in accordance with law. As such, the Regulation is invalid under 5 U.S.C. § 706(2)(a).

16. Contrary to previous practices by HUD on this specific issue, HUD has failed to recognize the over 15,000 comments against the Regulation, as compared to the fewer than 100 in support. In an earlier consideration of a similar rule, a margin of 1,800 comments against 30 in support was sufficient for HUD to drop the proposal. Furthermore, Mr. Jackson stated publicly during this rule-making process that he was going to implement the Regulation regardless of the public comments.

17. HUD has also failed to give adequate notice of the Regulation it adopted and failed to articulate a rational basis for its decision to adopt this Regulation that is inconsistent with past positions taken and interpretations made by HUD. For these and other reasons, HUD's Regulation is invalid under 5 U.S.C. §§ 553(c) and 706(2)(d).

18. The Regulation is void because it has been promulgated in violation of the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §§ 601 *et seq.*, and Executive Order 12866. *See* Exec. Order No. 12,886, 58 Fed. Reg. 51,735 (1993).

19. The Regulation is void because it violates the United States Constitution by irrationally discriminating against charitable, not-for-profit organizations that provide DPA in the form of gifts, which are partly supported by donations and service fees from home builders or home sellers, while permitting down payment gifts from governmental agencies and instrumentalities, family members, disaster relief grants, and charitable organizations that are not so supported. And further it disproportionately impacts religion by interfering with a core practice of providing housing to the less fortunate, which is held by all main stream religions throughout the county.

20. The Baptist Church and The Dove have no adequate remedy at law.

21.     The Baptist Church and The Dove will suffer irreparable harm if the Secretary is not enjoined from enforcing the Regulation, scheduled to take effect on October 31, 2007, until this Court has had an opportunity to determine whether the Regulation is valid as promulgated.

**WHEREFORE**, plaintiffs Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. request the Court issue a declaratory judgment that the Regulation is contrary to law, arbitrary and capricious, unenforceable, and otherwise unlawful, and that the Court grant temporary, preliminary, and permanent injunctive relief, enjoining the defendant Secretary of the United States Department of Housing and Urban Development from enforcing the Regulation, with costs and attorneys' fees against the defendant.

Respectfully submitted this 25th day of October, 2007.

/s/  Craig T. Enoch
Craig T. Enoch (TX Bar No. 00000026) (pro hac vice admission pending)
Linda J. Burgess (TX Bar No. 03381300) (pro hac vice admission pending)
Alex S. Valdes (TX Bar No. 24037626) (pro hac vice admission pending)
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800 (telephone)
(512) 370-2850 (facsimile)
cenoch@winstead.com

-and-

/s/  Tessa L. Frederick
Tessa L. Frederick
D.C. Bar No. 46551
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202
(410)385-3765 (telephone)
(410) 385-3700 (facsimile)
tfrederick@milesstockbridge.com

**ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and THE DOVE FOUNDATION, INC.**

-7-

**CERTIFICATE OF SERVICE**

      I certify that on October 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square
Suite 1100 1050 Connecticut Avenue, N.W.
Washington, DC 20036

Daniel Van Horn
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD 20850

                              /s/ Tessa L. Frederick_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED;<br><br>Plaintiff,<br><br>v.<br><br>HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-1752 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR EMERGENCY HEARING ON FREEDOM HOME BAPTIST
CHURCH, INC.'S AND THE DOVE FOUNDATION, INC.'S
<u>MOTION TO INTERVENE</u>**

Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program move for an emergency hearing on their Motion to Intervene, filed simultaneously herewith. In support of their motion for an emergency hearing, the Baptist Church and The Dove state as follows:

1.  Freedom Home Baptist Church, Inc. ("Baptist Church") and The Dove Foundation, Inc. ("The Dove") are non-profit religious organizations providing community services, including participating in down payment assistance (DPA) programs privately funded in large measure by real estate sellers and developers. The United States Department of Housing and Urban Development ("HUD") recently issued a final rule that prohibits contributions from these sources to be used in DPA programs (the "Regulation") as of October 31, 2007. Before issuing the Regulation, however, HUD agreed that, in the event it changed its policies regarding DPA programs or the source of borrower down payment funds, any such changes would apply to organizations such as the Baptist Church and The Dove six months after the final

promulgation and issuance of any such changes.[1] Despite this agreement, HUD has not represented that it is willing to honor this agreement and stay application of the Regulation as to non-profit religious organizations providing DPA programs for six months.

2. The Baptist Church and The Dove seek to challenge the Regulation and obtain a declaration that they are entitled to, at least, a stay of six months before the Regulation is applied to them. Counsel for the Baptist Church and The Dove communicated with HUD's counsel to inquire as to whether HUD opposes intervention by the Baptist Church and The Dove and as to whether HUD would stay enforcement of the Regulation for six months. HUD's counsel stated that HUD would not consider the request until the Baptist Church and The Dove intervene in the case.

3. Given HUD's stance and the Regulation's impending effective date, the Baptist Church and The Dove must intervene and obtain an emergency hearing on their Motion to Intervene to continue their down payment assistance programs after October 31, 2007.

**WHEREFORE**, Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. respectfully request that the Court expedite consideration on the Motion to Intervene and hold a hearing on the motion as soon as possible.

Respectfully submitted this 25th day of October, 2007.

/s/ Craig T. Enoch
Craig T. Enoch (TX Bar No. 00000026) (pro hac vice admission pending)
Linda J. Burgess (TX Bar No. 03381300) (pro hac vice admission pending)
Alex S. Valdes (TX Bar No. 24037626) (pro hac vice admission pending)
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800 (telephone)
(512) 370-2850 (facsimile)
cenoch@winstead.com

---

[1] In 1998, HUD reached an agreement with Nehemiah Home Ownership 2000 ("Nehemiah") – another non-profit organization with faith based heritage providing seller funded down payment assistance – that, in the event it changed its policies regarding DPA programs or the source of borrower down payment funds, "the changes will become applicable to Nehemiah and <u>all other similarly situated down payment assistance programs</u> six months after the final promulgation and issuance of any such changes." (emphasis added).

/s/  Tessa L. Frederick_____
Tessa L. Frederick
D.C. Bar No. 46551
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202
(410)385-3765 (telephone)
(410) 385-3700 (facsimile)
tfrederick@milesstockbridge.com

**ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and THE DOVE FOUNDATION, INC.**

## CERTIFICATE OF SERVICE

I certify that on October 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Lee T. Ellis, Jr., Esquire
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036

Daniel Van Horn, Esquire
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch, Esquire
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain, Esquire
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin, Esquire
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850

/s/    Tessa L. Frederick_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERIDREAM, INCORPORATED;** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1752 (PLF) |
| | ) | |
| **HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,** | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is the Motion to Intervene (the "Motion") filed by Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program.

Having considered the Motion, the Court finds that the Motion should be granted.

IT IS THEREFORE ORDERED that the Motion to Intervene is GRANTED.

IT IS SO ORDERED.

_____            Dated: _____, 2007.
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED;<br><br>Plaintiff,<br><br>v.<br><br>HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-1752 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is the Motion for Emergency Hearing (the "Motion") on the Motion to Intervene filed by Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program.

Having considered the Motion, the Court finds that the Motion to Intervene filed by Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program should be considered on an expedited basis.

IT IS THEREFORE ORDERED that the Motion for Emergency Hearing on the Motion to Intervene is GRANTED.

IT IS SO ORDERED.

_____                    Dated: _____, 2007.
PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE