UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED;<br><br>        Plaintiff,<br><br>        v.<br><br>HON. ALPHONSO JACKSON<br>SECRETARY OF THE UNITED<br>STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br><br>        Defendant. | Civil Action No. 07-1752 (PLF) |

**FREEDOM HOME BAPTIST CHURCH, INC. AND THE DOVE FOUNDATION, INC.'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Introduction and Summary of Complaint

1.  Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. ("Baptist Church") and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program ("The Dove") are non-profit religious organizations providing community services, including participating in down payment assistance (DPA) programs privately funded in large measure by real estate sellers and developers. Both the Baptist Church and the predecessor to The Dove were founded in the early 1980s. And the Baptist Church and The Dove have been participating in DPA programs since 2000 and 2001, respectively. The Baptist Church's congregation is predominately African-American and has served the east Austin, Texas, community since 1982. The Dove Foundation is a church in Mobile, Alabama, with tithe-paying members that actively support providing housing for families displaced by drug, alcohol, and physical abuse.

2.  This action challenges a final regulation (the "Regulation") adopted by the United States Department of Housing and Urban Development ("HUD") that prohibits contributions by

real estate sellers and developers being used by DPA programs. During the past 10 years, DPA programs have helped over one million individuals and families to buy their own homes, some 80 percent for the first time.

3. After 10 years of actively facilitating DPA programs, and more than six years after abandoning a rulemaking proceeding in which HUD proposed a virtually identical rule, HUD adopted the Regulation. Yet now, as then, opposition to the proposed rule was overwhelming. HUD also adopted this Regulation in the face of strong opposition from members of Congress.

4. The Regulation adopted by HUD is arbitrary and capricious. It is contrary to the clear intent of Congress, HUD's own historic practices and interpretations, and governing judicial precedents. It is also not reasonably supported by HUD's explanations and justifications, and fails to offer a rational basis for rejecting alternative approaches.

5. Enforcement of this Regulation will cause immediate and irreparable harm to the Baptist Church and The Dove and is contrary to the public interest. The Regulation will disrupt financing arrangements in connection with numerous sales of homes, and deprive many aspiring low and moderate income homebuyers who rely on DPA for the ability to purchase their own homes.

## Jurisdiction and Venue

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331. This action arises under the National Housing Act of 1934, as amended, 12 U.S.C. §§ 1701 et seq. ("NHA"), the Administrative Procedure Act, 28 U.S.C. §§ 551 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Fifth Amendment to the United States Constitution.

7. Defendant Alphonso Jackson is the Secretary ("Secretary") of HUD. He is responsible for the operation of HUD and the promulgation of rules and regulations by HUD, including the Regulation. He is sued in his official capacity, only.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b) and (e).

Background

9. On May 11, 2007, the Secretary published "Standards for Mortgagor's Investment in Mortgaged Property" in the Federal Register, a proposed regulation changing the standards governing a homebuyer's investment in property when the mortgage on the property is insured by the Federal Housing Administration ("FHA"). 72 Fed. Reg. 27,048-27,051 (May 11, 2007) (to be codified at 24 C.F.R. pt. 203).

10. On October 1, 2007, the Secretary promulgated a final version of the Regulation in the Federal Register.

11. The NHA requires homebuyers to make a down payment of 3 percent of the purchase price of their home to qualify for FHA mortgage guarantees. *See* 12 U.S.C. § 1709(b)(9). Many prospective low and moderate income homebuyers are unable to meet this requirement without the assistance of charitable organizations like the Baptist Church and The Dove.

12. The Regulation adversely and irreparably harms the Baptist Church and The Dove and the low and moderate income homebuyers who depend on this charitable assistance in numerous ways, including but not limited to the following:

(a) The Regulation prohibits low and moderate income homebuyers from making their statutorily-required 3 percent down payment with funds provided by a charitable organization when home builders and home sellers are a source of funding and support.

(b) HUD's Regulation will eviscerate the Baptist Church's and The Dove's gift program, crippling their ability to provide down payment assistance to new homebuyers. In many cases, these would-be homebuyers have no other source of funds with which to make the down payment required by the NHA. 12 U.S.C. § 1709(b)(9).

(c) The Regulation will have a significant impact on homeownership for low-income, first time, and minority homebuyers. Nearly 80 percent of FHA's purchase money

mortgages in FY 2006 were to first time homebuyers. Nearly 32 percent of these homebuyers were minorities and FHA estimates that at least 30 percent of their new business has seller funded DPA. By limiting the financing choices that these borrowers have, HUD will force many to choose perhaps less favorable options, such as subprime loans. Because delinquency and foreclosure rates for subprime loans do not compare favorably to those of FHA, these choices are not optimal. The market segment most impacted by this Regulation is composed of those borrowers least educated to understand the risks associated with various loan options.

        (d)     The Regulation will have significant impact on FHA and the mortgage lending industry. This Regulation could reduce FHA's volume by 30 to 50 percent. Considering that its market share is lower than at any time in recent history—less than 2 percent—the impact to FHA could be quite serious. Repercussions of eliminating contributions from real estate sellers and developers to DPA programs would be felt by all of those focused on low to moderate income housing, including lenders, builders and other real estate professionals.

### Legal Basis For Challenging HUD's Regulation

13.    The Regulation contravenes the NHA's purpose of promoting housing affordability and choice; of facilitating access to, and competition and efficiency in providing housing finance; of protecting the availability of adequate funding for housing at low cost; and of contributing to the general well-being of the housing sector in the national economy. The Regulation is also contrary to HUD's own historic practices and interpretations, and governing judicial precedents.

14.    The Regulation exceeds the scope of the Secretary's authority to interpret and to promulgate regulations under section 1709(b)(9) of the NHA. Because the Regulation exceeds HUD's statutory jurisdiction, authority, and right, it is invalid under 5 U.S.C. § 706(2)(c).

15.    The Regulation is also not reasonably supported by HUD's explanations and justifications, and HUD has failed to offer any rational reasons for its rejection of alternative approaches to the Regulation. The Regulation is arbitrary and capricious, an abuse of

discretion, and otherwise not in accordance with law. As such, the Regulation is invalid under 5 U.S.C. § 706(2)(a).

16. Contrary to previous practices by HUD on this specific issue, HUD has failed to recognize the over 15,000 comments against the Regulation, as compared to the fewer than 100 in support. In an earlier consideration of a similar rule, a margin of 1,800 comments against 30 in support was sufficient for HUD to drop the proposal. Furthermore, Mr. Jackson stated publicly during this rule-making process that he was going to implement the Regulation regardless of the public comments.

17. HUD has also failed to give adequate notice of the Regulation it adopted and failed to articulate a rational basis for its decision to adopt this Regulation that is inconsistent with past positions taken and interpretations made by HUD. For these and other reasons, HUD's Regulation is invalid under 5 U.S.C. §§ 553(c) and 706(2)(d).

18. The Regulation is void because it has been promulgated in violation of the Regulatory Flexibility Act ("RFA"), 5 U.S.C. §§ 601 *et seq.*, and Executive Order 12866. *See* Exec. Order No. 12,886, 58 Fed. Reg. 51,735 (1993).

19. The Regulation is void because it violates the United States Constitution by irrationally discriminating against charitable, not-for-profit organizations that provide DPA in the form of gifts, which are partly supported by donations and service fees from home builders or home sellers, while permitting down payment gifts from governmental agencies and instrumentalities, family members, disaster relief grants, and charitable organizations that are not so supported. And further it disproportionately impacts religion by interfering with a core practice of providing housing to the less fortunate, which is held by all main stream religions throughout the county.

20. The Baptist Church and The Dove have no adequate remedy at law.

21. The Baptist Church and The Dove will suffer irreparable harm if the Secretary is not enjoined from enforcing the Regulation, scheduled to take effect on October 31, 2007, until this Court has had an opportunity to determine whether the Regulation is valid as promulgated.

**WHEREFORE**, plaintiffs Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. request the Court issue a declaratory judgment that the Regulation is contrary to law, arbitrary and capricious, unenforceable, and otherwise unlawful, and that the Court grant temporary, preliminary, and permanent injunctive relief, enjoining the defendant Secretary of the United States Department of Housing and Urban Development from enforcing the Regulation, with costs and attorneys' fees against the defendant.

Respectfully submitted this 25th day of October, 2007.

/s/  Craig T. Enoch
Craig T. Enoch (TX Bar No. 00000026) (pro hac vice admission pending)
Linda J. Burgess (TX Bar No. 03381300) (pro hac vice admission pending)
Alex S. Valdes (TX Bar No. 24037626) (pro hac vice admission pending)
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
(512) 370-2800 (telephone)
(512) 370-2850 (facsimile)
cenoch@winstead.com

-and-

/s/  Tessa L. Frederick
Tessa L. Frederick
D.C. Bar No. 46551
Miles & Stockbridge P.C.
10 Light Street
Baltimore, MD 21202
(410)385-3765 (telephone)
(410) 385-3700 (facsimile)
tfrederick@milesstockbridge.com

**ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and THE DOVE FOUNDATION, INC.**

-7-

**CERTIFICATE OF SERVICE**

      I certify that on October 25, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square
Suite 1100 1050 Connecticut Avenue, N.W.
Washington, DC 20036

Daniel Van Horn
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD 20850

                /s/ Tessa L. Frederick