**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERIDREAM, INCORPORATED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-1752 (PLF)** |
| **v.** ) | |
| ) | |
| **HON. ALPHONSO JACKSON** ) | |
| **SECRETARY OF THE UNITED** ) | |
| **STATES DEPARTMENT OF** ) | |
| **HOUSING AND URBAN** ) | |
| **DEVELOPMENT,** ) | |
| ) | |
| **Defendant.** ) | |

**FREEDOM HOME BAPTIST CHURCH, INC.  AND THE DOVE FOUNDATION, INC.'S
APPLICATION FOR PRELIMINARY INJUNCTION**

Intervenors Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp. and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program request the Court to enjoin the United States Department of Housing and Urban Development ("HUD") from enforcing the final version of the regulation recently issued by HUD, entitled Standards for Mortgagor's Investment in Mortgaged Property, 72 Fed. Reg. 500002-07 (Oct. 1, 2007) (to be codified at 24 C.F.R. pt. 203) (the "regulation") until this Court has an opportunity to determine whether the regulation is valid as promulgated.

1.      Intervenors Freedom Home Baptist Church, Inc. ("Baptist Church") and The Dove Foundation, Inc. ("The Dove") join in and incorporate AmeriDream, Inc.'s Memorandum of Points and Authorities in Support of the Motion of Plaintiff AmeriDream, Incorporated, For Preliminary Injunction.

2.      Both intervenors sponsor down payment assistance programs.  Those programs will suffer irreparable injury if defendant is not enjoined during the pendency of this lawsuit from

-1-

enforcing the regulation.  Gifts from those programs are enabled by generous contributions from sellers and others in the real estate industry.  Consequently, the regulation will decimate intervenors' down payment assistance programs, forcing an end to the programs, resulting in terminating valuable personnel and preventing down payment assistance for new homebuyers that often have no other source of funds with which to make the down payment required by the National Housing Act of 1934 ("NHA").

3.     There is a substantial likelihood that intervenors will succeed on the merits because, as AmeriDream's Memorandum points out, the regulation violates the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*  ("APA").  HUD has failed: (1) to provide a reasoned analysis for departing from its longstanding position on down payment assistance (DPA); (2) to consider responsible alternatives to its chosen policy and to offer a reasoned explanation for rejecting such alternatives; (3) to reveal the data which provided the basis for the regulation in time to allow for meaningful commentary; and (4) to provide a reasonable justification for providing different effective dates for similarly-situated entities.  In addition, the regulation exceeds the Secretary's authority to make interpretations and promulgate regulations, and violates the Equal Protection component of the Due Process Clause of the Fifth Amendment of the United States Constitution because it irrationally discriminates between similarly-situated companies and individuals, and because circumstances during the administrative process show that HUD had reached a prejudged political conclusion.

4.     The harm faced by intervenors outweighs the harm that would be sustained by the defendant if the preliminary injunction were granted.  The enforcement of the regulation would shut down intervenors' housing assistance programs, cutting off essential funds, forcing intervenors to terminate valuable personnel, and preventing intervenors from helping low and moderate income individuals with down payments.  On the other hand, HUD facilitated DPA programs for ten years.  It has offered no evidence that it will incur substantial harm from a preliminary injunction staying enforcement of its new regulation only for the time needed for this

Court to rule on the validity of that regulation.

5.      Issuance of a preliminary injunction would not adversely affect the public interest. Indeed, the enforcement of the regulation would harm the public interest by preventing low and moderate income aspiring homebuyers from receiving assistance on their NHA-mandated down payments.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, intervenors Freedom Home Baptist Church, Inc. and The Dove Foundation, Inc. respectfully request that this Court grant their motion for preliminary injunction enjoining the United States Department of Housing and Urban Development from enforcing its new regulation, Standards for Mortgagor's Investment in Mortgaged Property, 72 Fed. Reg. 500002-07 (Oct. 1, 2007) (to be codified at 24 C.F.R. pt. 203), until this Court has an opportunity to determine whether the regulation is valid as promulgated.

Respectfully submitted this 26th day of October, 2007.

/s/  Craig T. Enoch
Craig T. Enoch (TX Bar No. 00000026) (pro hac vice admission pending)
Linda J. Burgess (TX Bar No. 03381300) (pro hac vice admission pending)
Alex S. Valdes (TX  Bar No. 24037626) (pro hac vice admission pending)
Winstead PC
401 Congress Avenue, Suite 2100
Austin, Texas 78701
512.370.2800 (telephone)
512.370.2850 (facsimile)
cenoch@winstead.com

-and-

/s/  Tessa L. Frederick
Tessa L. Frederick
  DC Bar No. 46551
Miles & Stockbridge PC
10 Light Street
Baltimore, MD 21202
410.385.3765 (telephone)
410.385.3700 (facsimile)
tfrederi@milesstockbridge.com

**ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and THE DOVE FOUNDATION, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on October 26, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square
Suite 1100 1050 Connecticut Avenue, N.W.
Washington, DC 20036

Daniel Van Horn
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850

/s/  Tessa L. Frederick
Tessa L. Frederick

Austin_1\510911\1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERIDREAM, INCORPORATED, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1752 (PLF) |
| HON. ALPHONSO JACKSON SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | ) |
| Defendant. | ) |

## ORDER FOR PRELIMINARY INJUNCTION

Upon consideration of intervenors Freedom Home Baptist Church, Inc. dba Genesis Housing Development Corp.'s and The Dove Foundation, Inc. dba American Family Funds Down Payment Gift Program's Application for Preliminary Injunction filed herein, the Court having considered the Complaint, the Application, and the Memorandum of Points and Authorities and the Affidavits in support thereof, any opposition thereto and oral argument thereon, and it appearing to the Court after due deliberation that the defendant is engaged in committing and will continue to commit acts to the irreparable injury and harm of the intervenors pending final resolution of this case, it is this _____ day of October, 2007 hereby

ORDERED that defendant, his successors in office, officers, agents, servants, employees, attorneys and all others acting in concert and participation with him be, and they are, restrained and enjoined from implementing, enforcing or applying the regulation of the United States Department of Housing and Urban Development which is the subject of this action, namely "Standards for Mortgagor's Investment in Mortgaged Property," 72 Fed. Reg. 56, 002-07 (Oct. 1, 2007) (to be codified at 24 C.F.R. pt. 203), until such time as intervenors are afforded a hearing and given the opportunity for judicial review of the validity of the aforesaid

regulation and his promulgation thereof.

_____
Paul L. Friedman, United States District Judge

Copies to:

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square
Suite 1100 1050 Connecticut Avenue, N.W.
Washington, DC 20036

Daniel Van Horn
Assistant US Attorney for the District of Columbia
555 4th Street, N.W.
Washington, DC 20001

Robert M. Couch
General Counsel
Office of General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC 20410-0500

Frank S. Swain
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERIDREAM, INCORPORATED;  )
                                                    )
                    Plaintiff,              )
                                                    )
          v.                                   )      Civil Action No. 07-1752 (PLF)
                                                    )
HON. ALPHONSO JACKSON          )
SECRETARY OF THE UNITED       )
STATES DEPARTMENT OF            )
HOUSING AND URBAN              )
DEVELOPMENT,                       )
                                                    )
                    Defendant.            )

### AFFIDAVIT OF KEVIN SMITH

BEFORE ME, the undersigned authority, personally appeared Kevin Smith, who, being

by me duly sworn, deposed and stated as follows:

1.        "My name is Kevin Smith.  I am over the age of twenty-one and fully competent to
make this Affidavit.  I have never been convicted of a felony or crime involving moral
turpitude.  The facts stated in my affidavit are true and correct and within my
personal knowledge.

2.        Freedom Home Baptist Church, Inc. ("Baptist Church") is a non-profit religious
organization.  The Baptist Church's congregation is predominately African-American
and has served the east Austin, Texas, community since 1982.   Attached to my
affidavit as Exhibit A is a true and correct copy of the Baptist Church's Articles of
Incorporation.

3.        The Baptist Church provides community services, including participating in down
payment assistance (DPA) programs privately funded in large measure by real
estate sellers and developers. I am the program director of Freedom Home Baptist
Church, Inc.'s down payment assistance programs.  In that regard, the Baptist
Church's down payment assistant programs do business as Genesis Housing
Development Corp.  The Baptist Church has participated in DPA programs since
early 2000.

4.        Since 2000, the Baptist Church has assisted over 30,000 individuals and families
achieve the dream of homeownership through down payment assistance.
Substantial funding for the Baptist Church's DPA programs comes from contributions
from sellers and others in the real estate industry.

5.        In 1998, the U.S. Department of Housing and Urban Development ("HUD") reached
an agreement with Nehemiah Home Ownership 2000 ("Nehemiah") —another non-

profit organization with faith based heritage providing seller funded down payment assistance— that, in the event it changed its policies regarding DPA programs or the source of borrower down payment funds, "the changes will become applicable to Nehemiah and all other similarly situated down payment assistance programs six months after the final promulgation and issuance of any such changes." (emphasis added). A copy of the HUD agreement is attached to my Affidavit as Exhibit B.

6.     Counsel for the Baptist Church communicated with HUD's counsel to inquire as to whether HUD opposed intervention in this case by the Baptist Church and as to whether HUD would stay enforcement of the regulation for six months. HUD's counsel stated that HUD would not consider the request until the Baptist Church intervened in the case.

7.     Because the vast majority of the funding for the Baptist Church's DPA programs comes from sellers and other in the real estate industry, the regulation will decimate the Baptist Church's housing assistance programs and lead to the termination of personnel involved in the assistance programs. The regulation will also significantly prevent the Baptist Church from providing down payment assistance to new homebuyers, interfering with a core practice of this faith based organization in providing housing to the less fortunate.

8.     The Court has set an expedited briefing schedule to which the Baptist Church can and will agree.

9.     The facts stated in the Application for Preliminary Injunction with regard to Freedom Home Baptist Church, Inc., dba Genesis Housing Development Corp. are true and correct."

FURTHER, Affiant sayeth not.

_____
(Signature)

_____
(Print name)

STATE OF TEXAS            §
                         §
COUNTY OF TRAVIS          §

SUBSCRIBED AND SWORN TO BEFORE ME on October 26, 2007.

ARNETRIS A. WILLIAMS
Notary Public, State of Texas
My Commission Expires
January 20, 2008

(SEAL)

Notary Public, State of Texas

ARTICLES OF INCORPORATION

OF

FREEDOM HOME BAPTIST CHURCH, INC.

We, the undersigned natural persons of the age of eighteen (18) years or more, at least two (2) of whom are citizens of the state of Texas, acting as incorporators of a corporation under the Texas Non-Profit Corporation Act, do hereby adopt the following Articles of Incorporation for such corporation:

ARTICLE ONE

NAME

The name of the corporation is Freedom Home Baptist Church, Inc.

ARTICLE TWO

NON-PROFIT CORPORATION

The Corporation is a non-profit corporation.

ARTICLE THREE

DURATION

The period of its duration is perpetual.

ARTICLE FOUR

PURPOSES

The purposes for which this corporation if formed are:

(1) to maintain public worship;

(2) to exalt Christian standards of living;

(3) to engage in the preaching of the Gospel;

(4) to administer the ordinances of the New Testament;

(5) to provide a place for Christian education and activities;

(6) to receive and maintain a fund or funds of real or personal property, or both, and, subject to any restrictions and limitations hereinafter set forth, to use and apply the whole or any part or the income and principal thereof exclusively for the furtherance of the purposes stated in these articles or the church's constitution;

(7) to create a legal entity which is recognizable at law for purposes of holding title to real estate, giving and executing mortgages and the like and performing all secular functions deemed to be necessary and reasonable in conducting

-1-



the civil affairs of the church;

(8)  to restrict the legal liability to the
corporation for damages arising out of and
in the course of operating and using church
property;

(9)  to protect the individual church member from
the potential liability which may exist for
members of an incorporated association; and,

(10)  to facilitate the obtaining of multirisk
insurance policies to protect the church and
its activities.

The corporation is organized pursuant to the Texas
Non-Profit Corporation Act and does not contemplate
pecuniary gain or profit to the members thereof and is
organized for non-profit purposes.

ARTICLE FIVE

INITIAL REGISTERED OFFICE AND AGENT

The street address of the initial registered office
of the corporation is 1144 3/4 Gunter Street, Austin, Texas,
78721, and the name of its initial registered agent at
such address is Mr. Oscar B. Howard, Sr.

ARTICLE SIX

BOARD OF TRUSTEES

The number of trustees constituting the initial
board of trustees of the corporation is three (3), and the
names and addresses of the persons who are to serve as
the initial trustees are:

Mr. Oscar B. Howard, Sr.        3109 E. 14½ Street
                                Austin, Texas  78702

Mr. Herman F. Christophe        5203 Gladstone
                                Austin, Texas  78723

Mr. Alfred Freeman              13906 Avenue I
                                Round Rock, Texas  78664

-2-

ARTICLE SEVEN

INCORPORATORS

The Name and street address of each incorporator is:

Mr. Oscar B. Howard, Sr.     3109 E. 14½ Street
                                        Austin, Texas  78702

Mr. Herman F. Christophe     5203 Gladstone
                                          Austin, Texas  78723

Mr. Alfred Freeman         13906 Avenue I
                                        Round Rock, Texas  78664

IN WITNESS WHEREOF, we have hereunto set our hands, this _____10th_____ day of __September__, 1982.

_O Scar Howard_
Mr. Oscar B. Howard, Sr.

_Herman F. Christophe_
Mr. Herman F. Christophe

_Alfred Freeman_
Mr. Alfred Freeman

-3-

STATE OF TEXAS
COUNTY OF TRAVIS

    I, _WILMA RANEY_____ a notary public, do
hereby certify that on this __10th__ day of _September_,
1982, personally appeared before Mr. Oscar B. Howard, Sr., Mr.
Herman F. Christophe, and Mr. Alfred Freeman, who, each being
by me first duly sworn, severally declared that they are the
persons who signed the foregoing document as incorporators,
and that the statements therein contained are true.

    IN WITNESS WHEREOF, I have hereunto set my hand and
seal the day and year above written.

           _Wilma Raney_____
           Notary Public in and for
           Travis County, Texas

           WILMA RANEY

           COMM. EXPIRES: 2-28-85



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410

OFFICE OF THE ASSISTANT SECRETARY FOR
HOUSING-FEDERAL HOUSING COMMISSIONER

APR 3 1998

Don F. Harris, Esq.
Nehemiah Home Ownership 2000
770 L St. Suite 750
Sacramento, CA 95814

RE: Nehemiah Home Ownership 2000

Dear Mr. Harris:

The United States Department of Housing and Urban Development
("HUD") has received and reviewed the IRS ruling that the non-
profit organization which administers the Nehemiah down payment
assistance program qualifies for Section 501(c)(3) status. Based
upon the program specific information accompanying your
submission to the IRS, we find that your program complies with
HUD's regulations and guidance pertaining to the source of funds
for the borrowers' down payments. Accordingly, HUD will insure
eligible mortgages in which home buyers use Nehemiah's program (as
set out in the submission to the IRS for Section 501 (c)(3)
status) for borrower down payment assistance.

Although HUD has no immediate plans to change its policies
regarding down payment assistance programs or regarding the
source of borrower down payment funds, HUD reserves the right to
do so in the future in accordance with applicable procedures. In
the event that there are any such changes regarding the source of
borrower down payment funds, the changes will become applicable
to Nehemiah (and) all other similarly situated down payment
assistance programs six months after the final promulgation and
issuance of any such changes.

Sincerely,

Emelda Johnson
Deputy Assistant Secretary
Single Family Housing Programs



EXHIBIT
B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERIDREAM, INCORPORATED;** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1752 (PLF)** |
| | ) | |
| **HON. ALPHONSO JACKSON** | ) | |
| **SECRETARY OF THE UNITED** | ) | |
| **STATES DEPARTMENT OF** | ) | |
| **HOUSING AND URBAN** | ) | |
| **DEVELOPMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT OF JOEL S. PATE

BEFORE ME, the undersigned authority, personally appeared Joel S. Pate, who, being by me duly sworn, deposed and stated as follows:

1.      "My name is Joel S. Pate.  I am over the age of twenty-one and fully competent to make this Affidavit.  I have never been convicted of a felony or crime involving moral turpitude.  The facts stated in my affidavit are true and correct and within my personal knowledge.

2.      The Dove Foundation, Inc. ("The Dove") is a faith based ministry non-profit charity, with tithe-paying members that actively support providing housing for families displaced by drug, alcohol, and physical abuse.  The predecessor to The Dove, Shiloh Ministries, Incorporation, was founded in the early 1980s.  Attached to my Affidavit as Exhibit A is a true and correct copy of State of Alabama, Domestic Non-Profit Corporation, Articles of Amendment to Articles of Incorporation Guidelines, showing Shiloh Ministries, Incorporated changing its name to the Dove Foundation, Inc.

3.      The Dove provides community services, including participating in down payment assistance (DPA) programs privately funded in large measure by real estate sellers and developers.  I am president of American Family Funds, Inc.  The Dove's down payment assistant programs are and have always been administered by American Family Funds, Inc.  The Dove has participated in DPA programs since 2001.

4.      Since 2001, The Dove has assisted over 20,000 individuals and families achieve the dream of homeownership through down payment assistance.   Substantial funding for The Dove's DPA programs comes from contributions from sellers and others in the real estate industry.

5.      In 1998, the U.S. Department of Housing and Urban Development ("HUD") reached

an agreement with Nehemiah Home Ownership 2000 ("Nehemiah") —another non-profit organization with faith based heritage providing seller funded down payment assistance— that, in the event it changed its policies regarding DPA programs or the source of borrower down payment funds, "the changes will become applicable to Nehemiah and all other similarly situated down payment assistance programs six months after the final promulgation and issuance of any such changes." (emphasis added). A copy of the HUD agreement is attached to my Affidavit as Exhibit B.

6.     Counsel for The Dove communicated with HUD's counsel to inquire as to whether HUD opposed intervention in this case by The Dove and as to whether HUD would stay enforcement of the regulation for six months. HUD's counsel stated that HUD would not consider the request until The Dove intervened in the case.

7.     Because the vast majority of the funding for The Dove's DPA programs comes from sellers and other in the real estate industry, the regulation will decimate The Dove's housing assistance programs and lead to the termination of personnel involved in the assistance programs. The regulation will also significantly prevent The Dove from providing down payment assistance to new homebuyers, interfering with a core practice of this faith based organization in providing housing to the less fortunate.

8.     The Court has set an expedited briefing schedule to which The Dove can and will agree.

9.     The facts stated in the Application for Preliminary Injunction with regard to The Dove Foundation, Inc., dba American Family Funds Down Payment Gift Program are true and correct."

FURTHER, Affiant sayeth not.

(Signature)

Joel S. Pate
(Print name)

STATE OF ALABAMA    §
                    §
COUNTY OF *Mobile*  §

SUBSCRIBED AND SWORN TO BEFORE ME on October 26, 2007.

_Margaret Colwell Carter_
Notary Public, State of Alabama

(SEAL)

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 21, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Austin_1\510946\1

2001073150    Book-5045    Page-1627
Total Number of Pages: 3

**STATE OF ALABAMA**
**DOMESTIC NON-PROFIT CORPORATION**
**ARTICLES OF AMENDMENT TO ARTICLES OF INCORPORATION GUIDELINES**

Instructions (Please Type)

File the Original and two copies in the County where the original Articles of Incorporation are filed. If the Amendment changes the name, the Secretary of State's fee is $10.00. Otherwise, there is no fee for filing a non-profit amendment. The Probate Judge's minimum fee for filing an amendment is $10.00.

Pursuant to the provisions of the Alabama Nonprofit Corporation Act, the undersigned hereby adopts the following Articles of Amendment.

Article I    The name of the corporation:    <u>SHILOH MINISTRIES, INCORPORATED</u>

Article II    The following amendment was adopted:

Article I - The name of the corporation shall be <u>DOVE FOUNDATION, INC.</u>

Article III - The name and address of the initial registered agent and registered office are: <u>Chris Patrick, 1587 Eslava Street, Mobile, AL 36604</u>

Article V - The purposes for which the corporation is organized are: to operate exclusively for religious, charitable, education and distinct ecclesiastical purposes within the meaning of Section 501 (c)(3) of the Internal Revenue Code of 1954, as amended, or any superseding statute thereto.

Article VII - (A)    No part of the net earnings of the corporation shall inure to the benefit of, or be distributable to its members, trustees, officers, or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth hereof.

(B)    No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in, or intervene in (including the publishing or distribution of statements) any political campaign on behalf of any candidate for public office.

(C)    Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or (b) by a corporation, contributions to which are deductible under section 170(c)(2) of the Internal Revenue Code, or corresponding section of any future federal tax code.

(D)    Upon dissolution of the corporation, assets shall be distributed for one or more exempt purposes within the meaning of section 501(c)(3) of the Internal Revenue Code, or corresponding section of any future federal tax code, or shall be distributed to the federal government, or to a state or local government, for a public purpose. Any such assets not so disposed of shall be disposed of by the court of jurisdiction of the county in which the principle office of the corporation is then located, exclusively for such purposes or to such organization or organizations, as said court shall determine which are organized and operated exclusively for such purposes.

Article IX - (f) - The Board of Trustees of the corporation, shall have power and authroity which is hereby given, to negotiate or designate agents to negotiate all of the business transactions, all receipts and all disbursements, for any such additional departments, associations, institutions, schools, mission stations, programs, and/or any and all such other vehicles established or instituted by this Corporation.

Article X - The manner in which the Directors or Trustees of the Corporation shall be elected or appointed shall be governed by the provisions of the bylaws of the Corporation.

**EXHIBIT**
**A**
tables'

The Corporation shall be a sovereign body, and the regulation of the internal affairs of the Corporation shall be governed by the provisions of the Bylaws of the Corporation.

The place where the business of the corporation, shall be transacted is Mobile, Alabama, where said principal office shall be.

Article III  The date of the meeting of the members where the amendment was adopted, a quorum was present, and the amendment received at least two-thirds of the votes entitled to be cast: ___N/A_____

Article IV  If there was no meeting, attach a statement that such amendment was adopted by written consent and signed by all members entitled to vote.

Article V  There are members, but they are not entitled to vote. The Board of Directors had a meeting on the _5th_ day of _October_, 2001, and the above-mentioned amendments were adopted unanimously at that time.

Date: _10-05-01_____

_Frank C. Patrick_
**Signature of President or Vice President**

_Noah J. Patrick_
**Signature of Secretary or Assistant Secretary**

State of Alabama
County of Mobile

Before me the undersigned authority in and for said County and State, personally appeared _Frank C. Patrick_ who being by me first duly sworn, doth depose and say that he/she is the _President_ of _Shiloh Ministries, Inc_, an Alabama Corporation, and that the foregoing statements contained in this amendment are true, full and correct.

Subscribed and sworn to before me on this the _5_ Day of _Oct_, _2001_, in witness whereof I hereto subscribe my name and affix the seal of my office.

_S. P. Oxford_
**Signature of Notary**
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Apr 25, 2004
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**My commission expires**

---

CERTIFIED TRUE COPY
Probate Court of Mobile Co., AL
Don Davis, Judge

Signature _____
Joe McEachern Jr., Chief Clerk

Date: _10-5-01_

State of Alabama - Mobile County
I certify this instrument was filed on:

Fri, Oct-05-2001 @ 1:14:24PM

| | |
|---|---|
| S. R. FEE | 2.00 |
| RECORDING FEE | 11.00 |
| TOTAL AMOUNT | $13.00 |

2001073150
Don Davis, Judge of Probate



U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
WASHINGTON, D.C. 20410

OFFICE OF THE ASSISTANT SECRETARY FOR
HOUSING-FEDERAL HOUSING COMMISSIONER

APR 3 1998

Don F. Harris, Esq.
Nehemiah Home Ownership 2000
770 L St. Suite 750
Sacramento, CA 95814

RE: Nehemiah Home Ownership 2000

Dear Mr. Harris:

The United States Department of Housing and Urban Development
("HUD") has received and reviewed the IRS ruling that the non-
profit organization which administers the Nehemiah down payment
assistance program qualifies for Section 501(c)(3) status. Based
upon the program specific information accompanying your
submission to the IRS, we find that your program complies with
HUD's regulations and guidance pertaining to the source of funds
for the borrowers' down payments. Accordingly, HUD will insure
eligible mortgages in which home buyers use Nehemiah's program (as
set out in the submission to the IRS for Section 501 (c)(3)
status) for borrower down payment assistance.

Although HUD has no immediate plans to change its policies
regarding down payment assistance programs or regarding the
source of borrower down payment funds, HUD reserves the right to
do so in the future in accordance with applicable procedures. In
the event that there are any such changes regarding the source of
borrower down payment funds, the changes will become applicable
to Nehemiah (and) all other similarly situated down payment
assistance programs six months after the final promulgation and
issuance of any such changes.

Sincerely,

Emelda Johnson
Deputy Assistant Secretary
Single Family Housing Programs

EXHIBIT
B