UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERIDREAM, INCORPORATED, )<br><br>Plaintiff, )<br><br>v. )<br><br>HON. ALPHONSO JACKSON<br>SECRETARY OF THE UNITED<br>STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT, )<br><br>Defendant. ) | Civil Action No. 07-1752 (PLF) |

**FREEDOM HOME BAPTIST CHURCH, INC. AND DOVE FOUNDATION, INC.'S
OPPOSITION TO HUD'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Freedom Home Baptist Church Inc. and Dove Foundation, Inc. file their brief in opposition to Defendant's ("HUD") motion for summary judgment.  In support, Freedom Home Baptist Church and Dove Foundation incorporate the arguments and authorities in cited Plaintiff AmeriDream's Opposition to Defendant's Motion for Summary Judgment.  Additionally, Freedom Home Baptist Church and Dove Foundation offer the following points and authorities with respect to HUD improperly prejudging the outcome of the rulemaking proceeding.

> ***1.    Secretary Jackson's statements conclusively establish HUD improperly prejudged the outcome of the rulemaking proceeding, violating the APA.***

HUD does not dispute that during the period for public comment on the proposed regulation, Secretary Jackson expressly articulated HUD's intent to approve the Regulation <u>even</u> <u>if</u> the agency received critical comments.  As Secretary Jackson

explained while being interviewed about HUD's proposed new regulation by *Bloomberg News*:  He was very much against down payment assistance programs.  He did not want to continue being a partner in those programs.  And HUD, the agency of which he was head, intended to approve the new Regulation banning down payment assistance programs even if the agency received critical comments from the public.[1]  These comments by Secretary Jackson in the *Bloomberg News* interview conclusively establish HUD, the agency, prejudged the outcome of the rulemaking proceeding and had no real intention of allowing the public a meaningful opportunity to participate as required by the Administrative Procedure Act ("APA").

### A.  An agency's action must be set aside when the agency prejudges the outcome of a proceeding.

A court must set aside an agency's action if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[2]  The APA requires an agency to publish notice and allow the public a meaningful opportunity to comment on a proposed rule.[3]  Thus, when an agency prejudges the outcome of a rulemaking, the agency violates the requirements of the APA and acts arbitrarily, capriciously, and not in accordance with law.[4]

---

[1]    Freedom Home Baptist Church and Dove Foundation's Statement of Material Facts as to Which There Is No Genuine Issue, ¶¶ 16 & 17, Exhibit H.

[2]    *Envtl. Integrity Project v. Envtl. Prot. Agency*, 425 F.3d 992, 995 (D.C. Cir. 2005).

[3]    5 U.S.C.A. § 553 (West 2007); *see also Nat'l Tour Brokers Ass'n v. United States*, 591 F.2d 896, 899–902 (D.C. Cir. 1978).

[4]    *See Advocates for Highway & Auto Safety v. Fed. Highway Admin.*, 28 F.3d 1288, 1291 (D.C. Cir. 1994) (noting "the importance of the Administrative Procedure Act's requirement that the parties be able to comment on the rule while it is still in the formative or 'proposed' stage . . . to ensure that the agency maintains a flexible and open-minded attitude") (internal quotations omitted); *Int'l Snowmobile Mfrs. Ass'n v. Norton*, 340 F. Supp. 2d 1249, 1265 (D. Wyo. 2004) (holding that the agency failed to comply with the APA because it did not seriously consider public comments and prejudged the outcome to advance its political agenda).

**B.    Secretary Jackson, as head of the agency, speaks for the agency, and his statements establish the <u>agency's</u> prejudgment.**

Contrary to HUD's assertion, this Court was absolutely correct in its initial conclusions about Secretary Jackson's statements.   Simply, when the head of an agency publicly declares what the agency intends to do, no doubt, he speaks for the agency.   And that is evidence of what the agency intends to do, regardless whether a subordinate is the one that will actually carry out the agency's intentions.

HUD accuses the Court of incorrectly reading *International Snowmobile Manufacturers Association v. Norton,*[5] but it predicates that challenge on its own misinterpretation of the case.   In *International Snowmobile*, the court held that the National Park Service had improperly prejudged the outcome of a rulemaking, concluding that the statements by the Assistant Secretary for Fish and Wildlife and Parks were sufficient evidence.[6]   Contrary to HUD's argument in its motion, the court did not base its holding on any delegation of authority from the Secretary of the Interior to the Assistant Secretary, nor state that it was the Assistant Secretary's individual intentions that were important.   Instead, the court held that the statements of the Assistant Secretary, who had some authority, were sufficient evidence that the agency itself had improperly prejudged the outcome of the rulemaking.[7]

This is not a case where plaintiffs are trying to disqualify a rulemaker, like

---

[5]     340 F. Supp. 2d 1249 (D. Wyo. 2004).

[6]     *Id.* at 1259-61.

[7]     *Id.* at 1261.   The court in *International Snowmobile* made a side note that when the Assistant Secretary made the statements at issue, he knew what the agency's preferred alternative was because he had made the initial decision to choose that alternative. But the court did not mention that the Assistant Secretary's opinion was important because he was the decisionmaker or that he was the issuer of the final regulation.   *Id.* at 1260.

Assistant Secretary Montgomery, from an ongoing rulemaking proceeding, as in *Association of National Advertisers, Inc. v. Federal Trade Commission*,[8] and *Housing Study Group v. Kemp*,[9] and thus must show that the particular rulemaker has an unalterably closed mind.    Rather, these decisions are relevant in demonstrating an agency member's "unalterably closed mind" can establish that the agency itself has prejudged the outcome of a proceeding.    It is the agency's prejudgment that matters.[10] Here, the evidence conclusively establishes that the agency, HUD, prejudged the outcome of the rulemaking—Secretary Jackson, the head of the entire agency,[11] announced that HUD would adopt the Regulation regardless of the public's comments.

HUD would have this Court believe it can prejudge the outcome of a rulemaking proceeding as long as the evidence of prejudgment does not come from the subordinate official who actually signed the Regulation.    Of course this is not true.    The evidence of HUD's prejudgment of the Regulation can come from any admissible source.    And what better evidentiary source of prejudgment by HUD with respect to the proposed Regulation than from the Secretary of HUD.    This is not a case where the Court has to determine whether a subordinate official's statement of prejudgment can fairly be said to show the agency's prejudgment.    To the contrary, here, because the statements of prejudgment evidence come from Secretary Jackson himself, the evidence conclusively

---

[8]      627 F.2d 1151 (D.C. Cir. 1979).

[9]      736 F. Supp. 321 (D.D.C. 1990).

[10]      *See Advocates for Highway & Auto Safety*, 28 F.3d at 425 ("The touchstone of our inquiry is the agency's open-mindedness ….") (emphasis added).  Indeed, it is the agency HUD, not an agency member like Assistant Secretary Montgomery, that adopts the final Regulation. 72 Fed. Reg. 56,002-07 (October 1, 2007) (to be codified at 24 C.F.R. pt. 203).

[11]      *See* 42 U.S.C.A. § 3532 (West 2003 & Supp. 2007) (creating HUD and designating the Secretary as head of the agency); *id.* § 3533(b) (creating Assistant Secretary's position and duties, to be carried out under the direction and supervision of the Secretary).

establishes the agency's improper prejudgment of the Regulation.

Continuing to flail at reality, HUD asserts that because Secretary Jackson delegated to his subordinate, Assistant Secretary Montgomery, the authority to "issue" rules, that Secretary Jackson had absolutely no "decision making" role with respect to the Regulation.  Again, this is not true.  Jackson is the head of HUD; Montgomery is Jackson's subordinate; and Montgomery acts "under the supervision and direction of the Secretary."[12]  These simple facts make plain why Secretary Jackson would explain to the press his opinion on down payment assistance programs and why Secretary Jackson felt authorized to express to the press HUD's intention to approve the rule. Simply put, HUD only attempts to obscure the obvious:  Jackson can speak for the agency and his opinions and decisions about the proposed regulation did count at HUD, even though Secretary Jackson has delegated to Assistant Secretary Montgomery "rule issuing" authority.

> **C.    Secretary Jackson's statements are more than sufficient to establish prejudgment.**

HUD's sugar coating Secretary Jackson's statements as no more than a "strong view" or as only expressing "underlying philosophy" is specious.  Secretary Jackson expressed more than a "strong view" about the Regulation in his interview with *Bloomberg News.*[13]  He stated the agency would adopt the Regulation regardless of critical comments from the public—there could be no stronger statement of prejudgment.

Because HUD intended to adopt the Regulation regardless of what commenters

---

[12]    *Id.* § 3533(b).

[13]    *See Housing Study Group v. Kemp*, 736 F. Supp. 321, 332 (D.D.C. 1990).

had to say, the rulemaking process should be seen for what it was: a sham.[14]   And HUD's actions should also be seen for what they are:   a violation of the APA's guarantee that the public have a meaningful opportunity to comment on proposed rules.[15]   Here, as Secretary Jackson's comments establish, the proposed regulation was not open for consideration.

> **2.    *Secretary Jackson's Statements Do Not Have to Be Part of the Administrative Record.***

Aside from the fact Secretary Jackson's statements in this case <u>were</u> a part of the administrative record, because AmeriDream protested the statements in its comments,[16] courts have not required that prejudgment claims rely on the administrative record.[17]   The line of cases to which HUD refers in its motion are based only on the injustice of second-guessing an agency's decision on the basis of new information not previously before the agency.   These cases do not involve agency bias or prejudgment issues.[18]    Furthermore, the APA allows for review beyond the administrative record when there is a "strong showing of bad faith or improper behavior."[19]   In this case, Secretary Jackson's comments show that HUD planned to ignore all critical comments in the rulemaking and thus intentionally violate the APA. There could be no stronger showing of bad faith or improper behavior in this context.   It

---

[14]    *See Int'l Snowmobile Mfrs. Ass'n v. Norton*, 340 F. Supp. 2d 1249, 1265 (D. Wyo. 2004) (holding that the agency failed to comply with the APA because it did not seriously consider public comments and prejudged the outcome to advance its political agenda).

[15]    *Action on Smoking & Health v. Civil Aeronautics Bd.*, 699 F.2d 1209, 1217 (D.C. Cir. 1983); *see also* 5 U.S.C.A. § 553(c).

[16]    R. at 66613-66628.

[17]    *See United Steelworkers of Am. v. Marshall*, 647 F.2d 1189, 1208–10 (D.C. Cir. 1980) (examining speech of agency official which took place after the record had been closed).

[18]    *See, e.g.*, *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

[19]    *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1,7 (D.C. Cir. 1998).

is therefore proper for this Court to consider Secretary Jackson's comments.

## Conclusion

For the reasons and authorities set forth in this opposition as well as the opposition of Plaintiff AmeriDream, the Court should DENY HUDs' motion for summary judgment, enter a permanent injunction barring HUD's enforcement of the Regulation, and award Plaintiffs Freedom Home Baptist Church and Dove Foundation all other appropriate relief.

Respectfully submitted this 7th day of December, 2007.


/s/  Craig T. Enoch_____
Craig T. Enoch (TX Bar No. 00000026)
Linda J. Burgess (TX Bar No. 03381300)
401 Congress Avenue, Suite 2100
Austin, Texas 78701
512.370.2800 (telephone)
512.370.2850 (facsimile)
cenoch@winstead.com

-and-

/s/  Tessa L. Frederick_____
Tessa L. Frederick
  DC Bar No. 46551
Miles & Stockbridge PC
10 Light Street
Baltimore, MD 21202
410.385.3765 (telephone)
410.385.3700 (facsimile)
tfrederick@milesstockbridge.com


**ATTORNEYS FOR FREEDOM HOME BAPTIST CHURCH, INC.
and DOVE FOUNDATION, INC.**

## CERTIFICATE OF SERVICE

I certify that on December 7, 2007, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system, and any other parties of record in the Court's electronic filing system:

Lee T. Ellis, Jr., Esquire
Baker & Hostetler LLP
Washington Square
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036


Robert J. Katerberg, Esquire
U.S. Department Of Justice, Civil Division, Federal Programs
20 Massachusetts Avenue, NW
Washington, DC 20530

Scott Risner, Esquire
Christopher R. Hall, Esquire
Tamara Lynn Ulrich, Esquire
Assistant US Attorneys for the District of Columbia
Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.  20024


Frank S. Swain, Esquire
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin, Esquire
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850


/s/  Tessa L. Frederick_____
Tessa L. Frederick

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AMERIDREAM, INCORPORATED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 07-1752 (PLF)** |
| **v.** | ) | |
| | ) | |
| **HON. ALPHONSO JACKSON** | ) | |
| **SECRETARY OF THE UNITED** | ) | |
| **STATES DEPARTMENT OF** | ) | |
| **HOUSING AND URBAN** | ) | |
| **DEVELOPMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Upon consideration of Defendant's Motion for Summary Judgment filed herein, the Court, having considered the Motion, the Memorandum of Points and Authorities in support thereof, the admissible summary judgment evidence, and all opposition thereto, finds the motion should be DENIED.

Accordingly, it is hereby

ORDERED that Defendant's Motion for Summary Judgment is DENIED.


SO ORDERED.


                                         _____
United States District Judge
Paul L. Friedman

DATE:


Copies to:

Lee T. Ellis, Jr.
Baker & Hostetler LLP
Washington Square
Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036


Robert J. Katerberg, Esquire
U.S. Department Of Justice, Civil Division, Federal Programs
20 Massachusetts Avenue, NW
Washington, DC 20530

Scott Risner, Esquire
Christopher R. Hall, Esquire
Tamara Lynn Ulrich, Esquire
Assistant US Attorneys for the District of Columbia
Department of Justice
20 Massachusetts Avenue, NW
Washington, D.C.  20024


Frank S. Swain, Esquire
Baker & Daniels LLP
805 15th Street NW, Suite 700
Washington, DC 20005

David C. Merkin, Esquire
McMillan Metro, P.C.
1901 Research Blvd., Suite 500
Rockville, MD  20850